UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDREA BRAGG, STACEY CASEY,
and MADELINE HARDGEST,

       Plaintiffs,

vs.                                                                    Case No. 12-12486

JP MORGAN CHASE BANK,                                HON. AVERN COHN

       Defendant.
_____/


**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 9)**
**AND**
**DISMISSING CASE**[1]

**I.  Introduction**

    This is another one of many cases pending in this district involving a default on a

mortgage and subsequent foreclosure proceedings.  As will be explained, the property

has been foreclosed upon and the redemption period has expired.  Nevertheless,

plaintiffs believe they have a right to the property.  Plaintiffs Andrea Bragg (Bragg),

Stacy Casey (Casey) and Madeline Hardgest (Hardgest)[2] filed a complaint against JP

Morgan Chase Bank (Chase), asserting the following claims:

_____

    [1]Although originally scheduled for hearing, the Court deems this matter
appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich.
LR 7.1(f)(2).

    [2]As will be explained, Bragg originally purchased the property.  Casey and
Hardgest reside with her at the property.

Count I        quiet title

Count II       unjust enrichment

Count III      breach of M.C.L. § 600.3205(c)

Count IV       deceptive act and/or unfair trade practice

Count V        injunctive relief

Before the Court is Chase's motion to dismiss under Fed. R. Civ. P. 9(b), Rule 12(b)(1) and Rule 12(b)(6).  For the reasons that follow, the motion will be granted.

## II.  Background

On June 17, 2002, Andrea Bragg obtained a loan of $135,867.00 from Flagstar Bank, FSB (Flagstar) to purchase the property at 18455 Steel, Detroit, Michigan 48235.  Bragg executed a promissory note in which she contracted to repay the loan in full over 30 years, with interest at a fixed interest rate of 7.250%.  As security for the loan, Bragg signed a mortgage in favor of Flagstar on the property which was recorded.  The mortgage contains a power of sale provision authorizing the mortgagee (Flagstar) to sell the property to satisfy the outstanding debt in case the mortgagor defaulted on her obligation to make payments when due.

On October 30, 2003, Flagstar assigned it interest in the mortgage to Chase Manhattan Mortgage Corporation.[3]  The assignment was recorded.

In 2009, Bragg failed to make several loan payments required by the note.

At some point in 2010, plaintiffs say they had financial difficulties and attempted to apply for a loan modification.  Plaintiffs allege Chase never responded to their

---

[3]JP Morgan Chase Bank, NA is the successor by merger to Chase Manhattan Mortgage Corporation.

2

request.  Plaintiffs continued to reside at the property.

In 2011, Chase commenced foreclosure by advertisement proceedings.  Notice was published in the Detroit Legal News in March, June and July.  Chase also gave Bragg notice that the debt was being accelerated and that the property would be sold at a sheriff's sale if Bragg failed to cure her default.  Bragg did not cure the default.

On August 18, 2011, the property was sold at a sheriff's sale.  Chase purchased the property at the sheriff's sale for $151,839.39.  The sheriff's deed was recorded.

Almost a year later, on May 10, 2012, Bragg, Casey and Hardgest sued Chase in state court.  They also obtained a temporary restraining order prohibiting Chase from conducting evictions proceedings.  They seek, among other things, all legal title to the property, damages, and costs and attorney's fees, and a permanent injunction prohibiting Chase from evicting plaintiffs.  Chase timely removed the case to federal court.

### III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679.  Thus, "a

3

court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).  Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiffs' claims.

## IV.  Analysis

### A.  Expiration of the Redemption Period

Chase argues that the complaint should be dismissed because Bragg failed to redeem the property following the sale and therefore none of the plaintiffs have the right to challenge the validity of the foreclosure.  The Court agrees.

Following foreclosure, the rights and obligations of the parties are governed by statute.  Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993).  Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested

4

with "all the right, title, and interest" in the property.  See M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).

Here, Chase purchased the property at a foreclosure sale on August 18, 2011. Bragg's right redeem expired on February 18, 2012.  Because Bragg, or any of the plaintiffs, failed to redeem the property before the redemption period expired, Chase became vested with "all the right, title, and interest" in the property by operation of law. At that point, Bragg, the former owner, lost the ability to assert claims with respect to the property.  See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion).

The Michigan Court of Appeals recently reaffirmed the holdings in Overton and Mission of Love in Awad v. General Motors Acceptance Corp., No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012).  In Awad, the statutory redemption period expired on November 26, 2010.  Plaintiff failed to redeem the property and, instead, she filed suit just prior to the expiration of the redemption period.  Defendant moved for summary disposition, and the trial court granted defendant's motion on the ground that plaintiff lacked standing to challenge the foreclosure sale.  On appeal, the Michigan Court of Appeals affirmed, adopting the reasoning of Overton and Mission of Love.  The court of appeals confirmed that once the redemption period expires, "all of [plaintiff's] rights in and title to the property were extinguished" and plaintiff "therefore, lost her standing to sue."  Id.

Courts in this district have similarly held that the expiration of the redemption period extinguishes a plaintiff's right to sue with regard to the property.  See, e.g. Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E.D. Mich. 2012), Kama v.

5

Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010);

Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. Aug. 16, 2010);

Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010).  Although

one court in another district has concluded otherwise, see Langley v. Chase Home

Finance, LLC, 2011 WL 1130926 (W.D. Mich. Mar. 28, 2011), the Court is satisfied that

once the redemption period has expired, a plaintiff lacks the right to challenge the

foreclosure proceedings.

Moreover, even if plaintiffs could challenge the foreclosure proceedings, the

Michigan Supreme Court has held that it would require a strong case of fraud or

irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."

United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust

Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937).  Moreover, the alleged fraud or

irregularity must be with regard to the sale procedure itself.  See Reid v. Rylander, 270

Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure

sale procedures, not the note, mortgage or other underlying instruments, or the capacity

of the foreclosing party).

Here, plaintiffs have not alleged a strong showing of fraud or irregularity sufficient

to unwind the sheriff's sale.  Plaintiffs do not allege any defect in the foreclosure

procedure.  At best, plaintiffs argue that the sheriff's sale should be set aside because

they should have received a loan modification.  This claim, which is the subject of Count

III, is not sustainable.

Finally, even if plaintiffs were somehow entitled to sue with respect to the

property, none of the counts of the complaint allege viable claims, as will be explained

6

below.

## B.  Count I - Quiet Title

Chase says that plaintiffs' claim to quiet title under Count I does not state a plausible claim for relief.  The Court agrees.  In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C.  § 2409a(d).  These rules require that plaintiff properly allege his or her ownership interest in the property.  M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim."  28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."  Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property.  Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiffs fails to allege any facts establishing a prima facie case of title. They allege no facts showing a superior interest in the property.  Most notably, plaintiffs do not contest that they failed to pay and defaulted on the loan.

To the extent that plaintiffs are basing a claim to quiet title on alleged fraudulent actions by Chase, it is also not sustainable.  A claim sounding in fraud is subject  to the heightened pleading requirements under Fed. R. Civ. P. 9(b).  Fed. R. Civ. P. 9(b)

provides that "[i]n alleging fraud or mistake, a party must state with particularity the
circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v.
Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).  In general, "[a] complaint is
sufficient under Rule 9(b) if it alleges 'the time, place, and content of the alleged
misrepresentation on which [the deceived party] relied; the fraudulent scheme; the
fraudulent intent of the defendants; and the injury resulting from the fraud,' and enables
defendants to 'prepare an informed pleading responsive to the specific allegations of
fraud.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 509 (6th
Cir. 2007) (citations omitted).  The purpose of the additional pleading requirements of
Rule 9(b) is to "provide defendants with a more specific form of notice as to the
particulars of their alleged misconduct." Brown v. Bank of New York Mellon, 2011 WL
206124 at *3 (W.D. Mich. 2011).

Plaintiffs has not plead his quiet title claim under Count I sufficient to satisfy Rule
9(b).  Plaintiffs makes only conclusory statements that some unspecified action by
Chase was designed to preclude them from entering into a loan modification.  Such
allegations are insufficient to state a viable claim to quiet title based on fraud.

Moreover, to the extent plaintiffs seek to quiet title based on an alleged defective
assignment of the mortgage from Flagstar to Chase, they lack standing to do so.
Plaintiffs were not parties to Flagstar's assignment to Chase.  Plaintiffs are not
third-party beneficiaries to the assignment and are not prejudiced by the assignment.
Therefore, plaintiffs cannot challenge the assignment.  See Rogan v Bank One, 457
F.3d 561, 566-67 (6th Cir. 2006); Livonia Properties Holdings, L.L.C. v. 12840-12976
Farmington Rd. Holdings, L.L.C., 717 F. Supp. 2d 724 (E.D.

8

Mich. 2010), reconsideration denied (June 14, 2010), aff'd sub nom. Livonia Properties

Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F. App'x 97 (6th Cir.

2010) cert. denied, 131 S. Ct. 1696 (U.S. 2011).

Additionally, to the extent that plaintiffs are alleging superior title based on

alleged "robo-signing" of the mortgage, they cannot prevail.  Even if the assignment was

flawed due to "robo-signing," plaintiffs still lack standing to raise that defect as a

challenge to the foreclosing party's chain of title.  Several courts in this district when

faced with claims virtually identical to those raised by plaintiffs, reached the same

conclusion.  See, e.g., Conlin v. Mortgage Electronic Registration Systems, Inc., 2011

WL 6440705, at * 2 (E.D. Mich. Dec. 16, 2011) (unpublished) (plaintiff lacks standing to

challenge mortgage assignment on grounds of "robo-signing"); Simmonds v.

CitiMortgage, Inc., No. 11¡V13600, 2011 WL 5376704, at * 2n.1 (E.D. Mich. Nov. 8,

2011) (unpublished) (plaintiffs lacked standing to challenge an assignment from MERS);

Venable v. Bergin Financial, Inc., No. 11¡V12716, 2011 WL 6842779, at * 3 (E.D. Mich.

Dec. 29. 2011) (unpublished) (plaintiffs lack standing); Williams v. U.S. Bank Nat. Ass'n,

No. 10-14967, 2011 WL 2293260, *1 (E.D. Mich. June 9, 2011) (unpublished) ("To the

extent Plaintiffs challenge any assignment from MERS to U.S. Bank, Plaintiffs lack

standing to do so because they were not a party to those assignments.")

Put simply, plaintiffs were not parties to the assignment and are not prejudiced by

it.  Therefore, they cannot challenge the validity of the assignment.  This allegation

therefore does not sustain a quiet title claim.

### C.  Count II - Unjust Enrichment

9

Chase says dismissal of Count II, claiming unjust enrichment, is appropriate because the subject matter of the dispute is governed by a written contract. The Court agrees. "[T]o sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." Belle Isle Grill Corp. v. Detroit, 256 Mich. App. 463, 478 (2003), (citing Barber v. SMH (US), Inc., 202 Mich. App. 366, 375 (1993)). "If this is established, the law will imply a contract in order to prevent unjust enrichment." Belle Isle Grill Corp., 256 Mich. App. at 478, (citing Martin v. East Lansing School Dist., 193 Mich. App. 166, 177 (1992)). "However, a contract will be implied only if there is no express contract covering the same subject matter." Id.

Plaintiffs cannot make out a viable claim for unjust enrichment. First, the mortgage and note form an express written contract between the parties which bars such a claim. Second, plaintiffs' claim fails because they have not plead any facts showing Chase was unjustly enriched or received a benefit from plaintiffs. At best, plaintiffs allege that Chase prevented them from entering a loan modification. However, as explained below, Chase is not required to grant a loan modification. To the contrary, Bragg defaulted on her obligations and has continued to reside at the property, with all the plaintiffs.

### D. Count III - Breach of M.C.L. § 600.3205c

In Count III, plaintiffs alleges that Chase failed to follow M.C.L. § 600.3205c because it did not modify the mortgage. Putting aside that plaintiffs have not alleged they were entitled to a loan modification, section 600.3205c does not require Chase to modify any specific loan, and it does not provide any basis for unwinding the

10

foreclosure.  Rather, the statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted under the judicial foreclosure process if the foreclosure is conducted in violation of the statute.  See M.C.L. § 600.3205c(8).  Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement.  Id.  The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and concluded that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale.  See Stein v. U.S. Bancorp, Case No. 10–14026, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." (emphasis in original)); Adams v. Wells Fargo Bank, N.A., Case No. 11–10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief.  The plain language of § 600.3205c(8) limits his relief.  It does not authorize the Court to set aside the foreclosure.").  Thus, even if plaintiffs could allege that they are entitled to a loan modification, they cannot obtain the relief they seeks in the form of setting aside the foreclosure sale.  Accordingly, Count IV must be dismissed.


### E.  Count IV - Deceptive Act and/or Unfair Trade Practice

In Count IV, plaintiffs allege that the "robo signing" constitutes deceptive and/or

11

unfair trade practices.  The complaint then cites several Michigan statutes.  These allegations do not meet the minimum pleading requirements for fraud under Rule 8 and Rule 9(b).  Moreover, plaintiffs' response addressed a completely different claim under this count.  Plaintiffs cite the Home Affordable Modification Act (HAMP) as a basis for Count IV.  To the extent plaintiffs are seeking to make a claim under HAMP, it fails because there is no private right of action to enforce HAMP.  See, e.g., Hart v. Countrywide Home Loans, Inc., 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) ("There is no express or implied right to sue fund recipients . . . under TARP or HAMP.") (internal quotations omitted); LaSalle Bank Nat'l Ass'n v. Ray, No. 09-13526, 2011 WL 576661 at * 4-5 (E.D. Mich. Feb. 9, 2001) (unpublished).  Count IV must therefore be dismissed.

### F.  Count V - Injunctive Relief

Chase says that Count V must be dismissed because injunctive relief is a remedy, not a cause of action.  Chase is correct.  See Tann v. Chase Home Fin., L.L.C., 10-14696, 2011 WL 3799841, *10 (E.D. Mich. Aug. 26, 2011) ("[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy.") (unpublished).

### V.  Conclusion

12

For the reasons stated above, Chase's motion to dismiss is GRANTED.[4]  This case is DISMISSED.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 1, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 1, 2012, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160

---

[4]Chase also says that the complaint is subject to dismissal because of plaintiffs' unclean hands and is barred by laches.  In light of finding that (1) plaintiffs lack the right to challenge the mortgage and foreclosure process and (2) their claims otherwise fail to state plausible claims for relief, the Court declines to address these arguments.